ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DENNIS MITCHELL
Assistant United States Attorney
California Bar Number: 116039
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2484
    Facsimile: (213) 894-6436

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. **CR 10 00966** |
|                 Plaintiff, | ) PLEA AGREEMENT FOR DEFENDANT |
|              v. | ) DAVIS WIRE CORPORATION |
| DAVIS WIRE CORPORATION | ) |
|              Defendant. | ) |

1.   This constitutes the binding plea agreement between DAVIS WIRE CORPORATION ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

2.   The parties expressly agree that this Agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(C).  The USAO and defendant understand and agree that: (a) if the Court accepts this Agreement, the parties

are bound by the terms of the Agreement; and (b) if the Court does not accept this Agreement, any party may withdraw from the Agreement and defendant may withdraw its plea of guilty. The parties request that the Court accept this Agreement at the time of the entry of the guilty plea.

<u>PLEA TO INFORMATION</u>

3. Defendant agrees to plead guilty to a one-count information in the form attached to this agreement or a substantially similar form.

<u>CORPORATE AUTHORIZATION</u>

4. Defendant represents that it is authorized to enter into this Agreement. On or before the date of entry of this Agreement, defendant shall provide to the USAO and the Court a notarized legal document certifying that defendant is authorized to enter into and comply with all of the provisions of this Agreement. Such corporate resolutions shall designate a corporate representative authorized to take these actions, and that all corporate formalities for such authorizations have been observed.

<u>ORGANIZATIONAL CHANGES AND APPLICABILITY</u>

5. This Agreement shall bind defendant, its successor corporation, if any, and any other person or entity that assumes the liabilities contained herein ("successor-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the Central District of California with immediate notice of any name

change, business reorganization, sale or purchase of assets,

divestiture of assets, or similar action impacting their ability

to pay the fine or affecting this Agreement.  No change in name,

change in corporate or individual control, business

reorganization, change in ownership, merger, change of legal

status, sale or purchase of assets, or similar action shall alter

defendant's responsibilities under this Agreement.  Defendant

shall not engage in any action to seek to avoid the obligations

and conditions set forth in this Agreement.

<u>NATURE OF THE OFFENSE</u>

6.  The parties stipulate and agree that under well-

established principles of corporate liability and respondeat

superior, as these principles apply in this case, defendant is

liable for the actions of its agents and employees.  <u>New York</u>

<u>Central and Hudson River R.R. v. United States</u>, 212 U.S. 481, 495

(1909); <u>United States v. Beusch</u>, 596 F.2d 871 (9th Cir. 1979);

<u>United States v. Hilton Hotels Corporation</u>, 467 F.2d 1004-1007

(9th Cir. 1972).

7.  In order for defendant to be guilty of count one,

which charges a violation of Title 33, United States

Code, Sections 1311(a), 1317(d), and 1319(c)(1)(A), the following

must be true: defendant, through its employees and agents, 1)

negligently discharged on or about February 19, 2008; 2)

pollutants, namely, industrial wastewaters derived from the

manufacture of wire; 3) into a publicly-owned treatment works

maintained by the County Sanitation Districts of Los Angeles

3

1  County; and 4) without and in violation of a federal pre-
2  treatment standard.  Defendant admits that defendant is, in fact,
3  guilty of this offense as described in count one of the
4  information.

PENALTIES AND RESTITUTION

6  8.  The statutory maximum sentence that the Court can impose
7  for a violation of Title 33, United States Code, Sections
8  1311(a), 1317(d), 1319(c)(1)(A) is 5 years probation; pursuant to
9  18 U.S.C. § 3561(c)(2), a fine of $200,000, pursuant to 18 U.S.C.
10 § 3571(c)(5), or twice the gross pecuniary gain derived from the
11 crimes or twice the gross pecuniary loss caused to the victims of
12 the crime, pursuant to 18 U.S.C. § 3571(d), and a special
13 assessment of $125, pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).
14 The minimum mandatory fine the court must impose for a
15 misdemeanor violation of 33 U.S.C. § 1319(c)(1)(A) is $2,500 per
16 day of violation.

SUSPENSION/REVOCATION/DEBARMENT

18 9.  Defendant understands that if defendant holds any
19 regulatory license or permit the conviction in this case may
20 result in the suspension or revocation of such license and/or
21 permit.  By this Agreement, the USAO makes no representation or
22 promise concerning suspension or debarment of defendant from
23 contracting with the United States or with any office, agency, or
24 department thereof.  Suspension and debarment of organizations
25 convicted under various federal environmental protection and
26 criminal statutes is a discretionary administrative action solely

28                                   4

1 | within the authority of the federal contracting agencies.

2 | <u>FACTUAL BASIS</u>

3 | 10. Defendant and the USAO agree and stipulate to the

4 | statement of facts provided below. This statement of facts

5 | includes facts sufficient to support a plea of guilty to the

6 | charges described in this agreement. It is not meant to be a

7 | complete recitation of all facts relevant to the underlying

8 | criminal conduct or all facts known to defendant that relate to

9 | that conduct.

10 | a. In 2008, defendant was doing business at

11 | 5555 Irwindale Avenue, Irwindale, California. Defendant was

12 | primarily involved in the manufacture of galvanized and

13 | reinforcement wire. In manufacturing those products, defendant

14 | used a strong acidic material. As part of its operations,

15 | defendant generated pollutants, as that term is defined in Title

16 | 33, United States Code, Section 1362(6), namely industrial

17 | wastewaters from its manufacture of galvanized and reinforcement

18 | wire.

19 | b. On or about February 19, 2008, defendant discharged

20 | industrial wastewaters having a pH level under 2.0 into a sewer

21 | drain (the "drain") located on defendant's facility. Thereafter,

22 | during the period from February 20, 2009 through April 30, 2008,

23 | there were various occasions, including, but not limited to the

24 | dates and corresponding pH levels set forth below, when monitors

25 | installed at the intersection of the drain and a trunk sewer line

26 | operated and maintained by the County Sanitation Districts of Los

27 |

28 |

5

Angeles County ("CSDLAC") detected pH levels below 4.0 in industrial wastewater discharged by defendant.

| Date | pH Level |
|------|----------|
| 2-19-08 | under 2.0 |
| 2-23-08 | under 3.0 |
| 3-26-08 | under 4.0 |
| 4-12-08 | under 4.0 |
| 4-30-08 | under 2.0 |

c.   The trunk sewer line would normally carry industrial wastewaters discharged by defendant to a Publically Owned Treatment Works ("POTW") which was also operated and maintained by the CSDLAC.  Under the terms of a pre-treatment standard set forth Section 406(C) of the County Sanitation Districts Of Los Angeles County Wastewater Ordinance, which ordinance was developed in accordance with 40 C.F.R. § 403.5, defendant was not permitted to discharge any

waste having a pH lower than 6.0 during the time period set forth above.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

11.   By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial.

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1    e)   The right to confront and cross-examine witnesses

2  against defendant.

3    f)   The right, if defendant wished, to testify on

4  defendant's own behalf and present evidence in opposition to the

5  charges, including the right to call witnesses and to subpoena

6  those witnesses to testify.

7  By pleading guilty, defendant also gives up any and all

8  rights to pursue any affirmative defenses, constitutional claims,

9  and other pretrial motions that have been filed or could be

10  filed.

11                 <u>SENTENCING FACTORS AND RESTITUTION</u>

12  12.  Defendant and the USAO agree and stipulate that,

13  pursuant to United Sates Sentencing Guidelines ("U.S.S.G.")

14  §§ 8C2.1 and 8C2.10, the Sentencing Guidelines are not applicable

15  in determining the fine for an organization violating statutes

16  relating to the environment.  Defendant and the USAO further

17  agree and stipulate that an appropriate disposition of this case

18  is that the court impose the following sentence:

19    a.   Defendant shall pay a criminal fine of $25,000

20  based on the statutory penalties set forth above in paragraph 4.

21    b.   Payment of the criminal fine shall be made by a

22  cashier's check payable to the Clerk of the United States

23  District Court, within ten days of the sentencing hearing date in

24  this matter.

25    c.   Defendant shall pay to the Clerk of the United

26  States District Court on the date of sentencing (or as soon as

27

28                                 7

the Court is able to accept the payment) the mandatory special assessment of $125 as to count one of the one-count information pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).

d. Defendant shall pay restitution in the total amount of $1,500,000 to the County Sanitation Districts of Los Angeles County for losses and costs incurred resulting from the damage to the Sunset Avenue Trunk Sewer line. Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. Defendant further agrees to pay the aforementioned restitution by providing the USAO with a cashier's check payable to the County Sanitation District No. 2 of Los Angeles County on or before the sentencing hearing date in this matter. Defendant further agrees that it shall provide a copy of the check or other instrument by which defendant satisfies this restitution obligation to the Clerk of the United States District Court for the Central District at the following address: 312 N. Spring Street, Room 529, Los Angeles, California 90012. Defendant shall also include the notation "Restitution Payment" and the criminal case number of this matter on such check or instrument.

13. The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any

1    and all factual misstatements relating to the calculation of the
2    sentence.

3        14.   Defendant understands and agrees that this agreement is
4    entered into pursuant to Federal Rule of Criminal Procedure
5    11(c)(1)(C).   So long as defendant does not breach the agreement,
6    defendant may withdraw from this agreement and render it null and
7    void if the Court refuses to be bound by this agreement.   The
8    USAO may, in its discretion, withdraw from this agreement and
9    render it null and void if the defendant breaches this agreement
10   or the Court refuses to be bound by this agreement.

11                    <u>DEFENDANT'S OBLIGATIONS</u>

12       15.   Defendant agrees that it will:

13           a) Plead guilty as set forth in this agreement.

14           b) Not knowingly and willfully fail to abide by all
15   sentencing stipulations contained in this agreement.

16           c) Not knowingly and willfully fail to: (i) appear as
17   ordered for all court appearances, and (ii) obey any other
18   ongoing court order in this matter.

19           d) Not commit any crime.

20           e) Not knowingly and willfully fail to be truthful at
21   all times with Pretrial Services, the U.S. Probation Office, and
22   the Court.

23           f) Pay the applicable special assessment at or before
24   the time of sentencing unless defendant lacks the ability to pay.

25

26

27

28                               9

## THE USAO'S OBLIGATIONS

16.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees to abide by all sentencing stipulations contained in this agreement.

## BREACH OF AGREEMENT

17.  If defendant, at any time between the execution of this agreement and defendant's sentencing, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred by a preponderance of the evidence as to which the USAO shall have both the burden of production and persuasion, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under the agreement.

18.  Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge or any civil or administrative action that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations as set forth in subparagraph (a), any claim of preindictment delay, or any speedy trial claim with respect to

1  any such prosecution or action, except to the extent that such

2  defenses existed as of the date of defendant's signing of this

3  agreement.

4          c) Defendant agrees that: (i) any statements made by

5  defendant, under oath, at the guilty plea hearing; ii) the

6  stipulated factual basis statement in this Agreement; and iii)

7  any evidence derived from such statements, are admissible against

8  defendant in any future prosecution of defendant, and defendant

9  shall assert no claim under the United States Constitution, any

10  statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of

11  the Federal Rules of Criminal Procedure, or any other federal

12  rule, that the statements or any evidence derived from any

13  statements should be suppressed or are inadmissible.

14          LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

15      19.  Defendant gives up the right to appeal any sentence

16  imposed by the Court, including any order of restitution and the

17  manner in which the sentence is determined, provided that the

18  sentence is that agreed to in paragraph 12 above.  Defendant also

19  gives up any right to bring a post-conviction collateral attack

20  on the conviction or sentence, including any order of

21  restitution, except a post-conviction collateral attack based on

22  a claim of ineffective assistance of counsel, a claim of newly

23  discovered evidence, or a explicitly retroactive change in the

24  applicable Sentencing Guidelines, sentencing statutes, or

25  statutes of conviction.

26

27

28                                  11

20.   The USAO gives up its right to appeal any sentence imposed by the Court, including any order of restitution, provided that the sentence is that agreed to in paragraph 12 above.

<u>COURT NOT A PARTY</u>

21.   The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.

<u>NO ADDITIONAL AGREEMENTS</u>

22.   Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

23.   The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

1    This agreement is effective upon signature by defendant and

2  an Assistant United States Attorney.

3  AGREED AND ACCEPTED

4

5  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
6
   ANDRÉ BIROTTE JR.
7  United States Attorney

8  _____          8-25-10

9  DENNIS MITCHELL                              Date
   Assistant United States Attorney
10

11    As an authorized representative of defendant Davis Wire

12 Corporation, a California corporation ("defendant") I have read

13 this agreement and carefully discussed every part of it with

14 defendant's attorneys.  I understand the terms of this agreement,

15 and I voluntarily agree to those terms.  Defendant's attorneys

16 have advised me of defendant's rights, of possible defenses, of

17 the Sentencing Guideline provisions, and of the consequences of

18 entering into this agreement.  No promises or inducements have

19 been made to me other than those contained in this agreement.  No

20 one has threatened or forced me in any way to enter into this

21 agreement.  Finally, I am satisfied with the representation

22 provided by defendant's attorneys in this matter.

23

24 _____          8/25/10

25 Authorized Representative of                 Date
   Davis Wire Corporation
26 Defendant

27

28                          13

1    We are Davis Wire Corporation's attorneys.  We have

2  carefully discussed every part of this agreement with the

3  authorized representative of defendant.  Further, we have fully

4  advised the authorized representative of defendant's rights, of

5  possible defenses, of the Sentencing Guidelines' provisions, and

6  of the consequences of entering into this agreement.  To our

7  knowledge, the decision of defendant and its authorized

8  representative to enter into this agreement is an informed and

9  voluntary one.

10

11  _____          8/6/10
   GORDON A. GREENBERG                      _____
12  BRANDON J. ROKER                            Date
   Counsel for Defendant
13  Davis Wire Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            14

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                                     ) Case No.
                                       )
11   UNITED STATES OF AMERICA,         ) I N F O R M A T I O N
                                       )
12                    Plaintiff,       )
                                       ) [33 U.S.C. §§ 1311(a), 1317(d),
13               v.                    ) and 1319(c)(1)(A): Negligent
                                       ) Discharge of Pollutants Into a
14   DAVIS WIRE CORPORATION,           ) Publicly-Owned Treatment Works;
                                       ) 18 U.S.C. § 2(b): Causing an Act
15                    Defendant.       ) to be Done]
                                       )
16   _____) [Class A Misdemeanor]

17        The United States Attorney alleges:

18        On or about February 19, 2008, in Los Angeles County, within

19   the Central District of California, defendant DAVIS WIRE

20   CORPORATION did negligently discharge, and cause to be

21   discharged, pollutants, namely, industrial wastewater derived

22   from the manufacture of wire, from the premises located at 5555

23   Irwindale Avenue, Irwindale, California, into a drain connected

24   to a publicly-owned treatment works operated and maintained by

25
26
27
28

DM:dm

the Los Angeles County Sanitation Districts, in violation of a
pre-treatment standard adopted by the Sanitation Districts of Los
Angeles County.

ANDRÉ BIROTTE JR.
United States Attorney


ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental Crimes Section

DENNIS MITCHELL
Assistant United States Attorney
Environmental Crimes Section

2

CERTIFICATE OF SERVICE

I, __Sandy Ear__, declare:

That I am a citizen of the United States that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of California, at whose direction the service by fax and mail described in this Certificate was made; that on August 26, 2010, I deposited in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope, a copy of: **Plea Agreement for Defendant Davis Wire Corporation**

addressed to:   Brandon Roker, Esq.
                McDermott, Will & Emery
                2049 Century Park East, 38th Floor
                Los Angeles, CA 90067

at his last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on August 26, 2010, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct and resident or employed in Los Angeles County, California.

SANDY EAR